FILED
2023 Jul-11  AM 11:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **ROBERT ANTHONY BAKER,** | ) |
| | ) |
| **Claimant,** | ) |
| | ) |
| vs. | ) Civil Action No. 5:22-cv-1355-CLS |
| | ) |
| **KILOLO KIJAKAZI, Acting** | ) |
| **Commissioner, Social Security** | ) |
| **Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

Claimant, Robert Anthony Baker, commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability, disability insurance benefits, and supplemental security income.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ did not properly consider claimant's subjective complaints when determining his residual functional capacity.

The ALJ found that claimant suffered from the following severe impairments that significantly limited his ability to perform basic work activities: histoplasmosis;[1] hypertension; cirrhosis; and, gastroesophageal reflux disease.[2] She also considered claimant's mental impairments of anxiety and substance abuse disorder, but concluded that they were non-severe, as they did not cause more than minimal limitation to his ability to perform basic mental work activities. The ALJ compared the medical evidence of record with Listing 5.05 for chronic liver disease, and Listing 3.14 for respiratory failure, but concluded that claimant did not meet the requirements necessary to determine that claimant was disabled.

After reviewing the medical evidence, claimant's hearing testimony, and the testimony of the vocational expert, the ALJ found that claimant retained the residual functional capacity to

---

[1] Histoplasmosis is an infection caused by a fungus that lives primarily in soil containing bird or bat droppings. A person may contract histoplasmosis by inhaling microscopic fungal spores. The infection causes fever, cough, and fatigue, and can be severe. *See* https://www.cdc.gov/fungal/diseases/histoplasmosis/index.html (last visited July 10, 2023).

[2] Tr. at 20.

>perform light work as defined in 20 CFR 404.1567(b) and 416.967(b)[,] except he could lift and carry twenty pounds occasionally and ten pounds frequently.  The claimant could stand and/or walk with normal breaks for a total of six hours in an eight-hour workday and could sit with normal breaks for a total of six hours in an eight-hour workday.  He could never climb ladders, ropes or scaffolds, and could occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl.  The claimant could tolerate occasional exposure to extreme cold, extreme heat, humidity, dust, odors, gases, and poor ventilation, and work in proximity to moving unguarded machinery and at unprotected heights.

Tr. at 23-24 (alteration supplied).  Claimant contends that the ALJ did not properly account for his subjective symptoms when determining his residual functional capacity for work.

To demonstrate that pain or another subjective symptom renders him disabled, a claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).  If an ALJ discredits subjective testimony of pain, "he must articulate explicit and adequate reasons" for doing so.  *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).  The ALJ in the

present case properly applied those legal principles.

The ALJ observed that it was reasonable to conclude that claimant was unable to sustain work activity during the period of his hospitalization and hospice care, which lasted for less than twelve months during 2019.[3] She found, however, that the objective medical evidence showed that his health improved following discharge from hospice care. She opined that, while claimant's medically determinable impairments could reasonably be expected to cause the symptoms he alleged, his statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record.[4] The ALJ reached that conclusion after thorough consideration of claimant's testimony and all of the objective medical evidence of record, and articulated explicit and adequate reasons for not fully crediting claimant's subjective complaints.[5] *See Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) ("After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence.") (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)).

Accordingly, the ALJ's conclusion was supported by substantial evidence, in

---

[3] Claimant was hospitalized on two occasions during January and March of 2019, and was under hospice care from late March through October of 2019. Tr. at 27.

[4] Tr. at 20.

[5] Tr. at 28.

accordance with applicable law, and the decision of the Commissioner is affirmed. A final judgment consistent with this memorandum opinion will be entered contemporaneously herewith.

    **DONE** this 11th day of July, 2023.

                                                                    */s/ Lynwood Smith*
                                                                   Senior United States District Judge